BENJAMIN R. POTTER *versus* JESSE SMALL.

Where a mortgagee, after condition broken, entered upon the mortgaged premises, declaring his purpose to be to *foreclose*, (but neglected to record the certificate required by the statute,) he will not afterwards be allowed to maintain an action against one acting under the mortgager, for hay cut upon the premises, claiming that his entry was sufficient to entitle him to the rents and profits.

EXCEPTIONS from the ruling of CUTTING, J.

THIS is an action of TROVER, brought to recover of the defendant the value of ten tons of hay, cut and taken from a farm mortgaged to the plaintiff. The writ was dated March 19th, 1858. It was admitted that, at the time the hay in question was cut and taken from the farm, and up to the time of the trial, the plaintiff was mortgagee of the premises; that, at the time of the cutting and taking away, the condition of the mortgage had been broken, and that George W. Small was the mortgager.

The plaintiff called *Joseph D. Smullen,* who testified,—" I know plaintiff and the premises; plaintiff entered July 27th, 1857, for the purpose of cutting hay. He entered the house the same day; said he had a mortgage of the premises and that the condition of the mortgage had been broken, and he therefore foreclosed. He went to cutting the hay; no hay had been cut on the east side of the road, and only a little round the buildings. I saw one man cutting there afterwards. I saw hay taken away from the farm by persons other than the plaintiff and persons acting for him. Some hay was carried off. * * * * George W. Small made an attempt to get plaintiff out of the house."

*Cross-examined.*—" This was on 27th of July. Went with plaintiff in the early part of the day. In the forenoon we cut some of the grass on the east side of the road. The buildings are on the west side of the road. George W. Small's wife was in the house at the time. He was residing there. We mowed till about one o'clock before we went into the house.

I staid round there till about three o'clock. I left plaintiff there and his mother, who came after I went into the house. George W. Small's wife afterwards came there and was not permitted to go in until she gave assurance that she would leave. Mrs. Small, when we first entered the house, was collecting together hay about the house with a rake. When George came he made an onslaught on plaintiff standing in the door, who maintained his ground till I came away. We did not go through the gate, if we had, we should have gone in sight of Mrs. Small when we approached the house. She was then collecting hay near the house. George W. Small came and forbade my cutting the grass on the east side of the road. I was working under the plaintiff's direction."

There was other testimony tending to prove that the grass cut by the plaintiff, with that also cut by the mortgager, was taken by him to the defendant's barn; and also, as to the quantity. That the same being in the barn of the defendant, the plaintiff demanded the same prior to the date of the writ.

The presiding Judge ruled that this evidence was not sufficient to entitle the plaintiff to recover, and directed a nonsuit. To this ruling the plaintiff excepted.

*J. S. Baker,* in support of the exceptions, argued : — That the mortgagee having made an actual entry on the mortgaged premises for the purpose of taking the rents and profits, had a right to take them, consequently the right of the mortgager thereto ceased. 3 Kent, (4th Ed.,) 154, 156; *Blaney* v. *Beard,* 2 Maine, 132; *Hill* v. *Jordan,* 30 Maine, 367; *Allen* v. *Bicknell,* 36 Maine, 436; *Newhall & al.* v. *Wright,* 2 Mass., 138; *Goodwin* v. *Richardson,* 11 Mass., 469; *Reed* v. *Davis,* 4 Pick., 215; *Mayo* v. *Fletcher,* 14 Pick., 530; *Welch* v. *Adams,* 1 Maine, 494; *Keech* v. *Hall,* 1 Doug., 22.

It appears in evidence that the plaintiff, with his man, entered upon the mortgaged premises, and cut a part of the hay during the forenoon of the day of entry; that, afterwards, he attempted to take such further possession of the premises, and the house thereon, as would be effectual to foreclose his

mortgage. He was already on the premises for the purpose of taking the rents and profits; and any act which he did with reference to a foreclosure could not affect his right to take the rents and profits. There is evidence that he was resisted, but none that he was ejected. Even if the plaintiff had been forcibly driven from the premises, and not allowed to return, it would not affect his right to the rents and profits, nor defeat his right to follow the hay and recover it, or its value, from any person, into whose hands it might subsequently have gone.

He could not be upon the premises for the purpose of taking possession for foreclosure, in the manner contemplated by sec. 3, p. 3, c. 125, of R. S., then in force, without being in actual possession and intending to avail himself of all the advantages which actual possession would give him; an important item of which was the rents and profits. The right of the mortgager ceased when the plaintiff thus entered and claimed the rents and profits; he could have no right against the mortgagee before a fulfilment of the condition of the mortgage.

An entry to foreclose under the statute, if properly made, necessarily gives such possession as will entitle the mortgager to the rents and profits; and further, that an entry which will entitle a mortgagee to the rents and profits is not necessarily attended with all the circumstances required for a foreclosure. It has been decided in Massachusetts, that if the entry of the mortgagee is for the purpose of foreclosure, and is informal and invalid for that purpose, it is sufficient to entitle him to the rents and profits. *Sheppard* v. *Richards*, 2 Gray, 424.

The authorities all seem to concur in the doctrine, that it matters not how the mortgagee gets possession of the mortgaged premises. The possession when once obtained is legal. *Allen* v. *Bicknell*, 36 Maine, 436; *Miner* v. *Stevens*, 1 Cush., 485; *Hyatt* v. *Wood*, 4 Johns., 150.

That this was the right form of action, was cited—*Frothingham* v. *McKusick*, 24 Maine, 403. That here was a con-

version of the property, counsel cited *Fernald* v. *Chase,* 37 Maine, 299, and numerous other authorities.

Whether or not there had been a conversion was a question to be decided by the jury, from the evidence. *Fuller* v. *Town,* 39 Maine, 519.

*Gilbert, contra.*

The opinion of the Court was drawn up by

MAY, J.—The hay in controversy was cut upon premises of which the plaintiff was mortgagee. The condition of the mortgage had been broken; but the mortgager was then in possession, and had commenced cutting the grass at the time of the entry upon which the plaintiff bases his right to recover. The acts of the defendant were authorized by the mortgager. The question presented is, whether the entry proved gave to the plaintiff such a possession as will enable him to maintain this suit. We are fully satisfied that it did not.

The authorities cited for the plaintiff clearly show that a mortgagee may enter on the premises for the purpose of taking the rents and profits, even *before* a breach of the condition; and such was the statute at the time of the entry. R. S. of 1841, c. 125, § 2. So, after condition broken, he might have entered for the purpose of foreclosure, in either of the modes pointed out in section 3 of the same statute. Such also are the provisions of our present statutes. R. S. of 1857, c. 90, §§ 2 and 3. But such an entry must be accompanied with evidence of the intention for which it is made. The declarations of the party making the entry, being part of the *res gestæ,* are usually this evidence. It was so in this case. It appears that, at the time of making the entry, the plaintiff said "he had a mortgage on the premises, and that the condition of the mortgage had been broken, and he therefore foreclosed." This is the only evidence of intention explanatory of the act. It is apparent, therefore, that he had no design to enter for the purpose of taking the rents and profits, under the second section of the statute. His

Potter *v.* Small.

intention was to foreclose. An entry for this purpose, to be effectual, if not by consent in writing of the mortgager, or the person holding under him, must not only be open, peaceable and unopposed, but followed up by the certificate and record required by the statute, or otherwise it becomes a nullity. In this case this was not done. The plaintiff therefore acquired no rights by his entry. To permit him now, after such a failure on his part, to ascribe a new intention to his act, and to set up his entry for a different purpose, would be manifestly unjust. To do so would be, in effect, to cast reproach upon the law. The nonsuit must stand.

*Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, and GOODENOW, JJ., concurred.